

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

CR 06-365

December 19, 2006

<u>VIA FACSIMILE</u>
Howard Katzoff, Esquire
Suite 500
601 Indiana Avenue, N.W.
Washington, D.C. 20004-2907

**FILED**

DEC 19 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>Kevin D. Funches</u>

Dear Mr. Katzoff:

This letter sets forth the full and complete plea offer to your client, Mr. Kevin D. Funches. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on December 21, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges**: Mr. Funches agrees to waive indictment and to plead guilty to a one-count information charging a violation of 18 U.S.C. Section 1344 (Bank Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before this Court by Mr. Funches and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Funches agrees that the attached "Statement of Offense" fairly and accurately describes Mr. Funches's actions and involvement in the offense and that the conduct referenced in the "Statement of the Offense" is "Relevant Conduct" within the meaning of the guidelines and policies of the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (Nov. 2002)(hereinafter "Sentencing Guidelines" or "U.S.S.G."). It is anticipated that during the Rule 11 plea hearing, Mr. Funches will adopt and sign the "Statement of Offense" as a written proffer of evidence.

2. **Potential penalties, assessments and restitution**: Mr. Funches understands that the maximum sentence that can be imposed is 30 years imprisonment, a fine of $1,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. Section 3571(d), a $100 special assessment, a five-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitutions not timely made.

Notwithstanding the maximum sentence, Mr. Funches understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. § 3553(a) and 3553© through (f), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines"). Mr. Funches understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the Government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Funches further understands that if the Court imposes a sentence that is in any way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Funches's right to appeal an unlawful or unreasonable sentence or to appeal the district court's application of the Sentencing Guidelines.

3. **Sentencing Guidelines**: The parties agree that, in accordance with Section 1B1.11 of the Sentencing Guidelines Manual (2002), and given that there is an *ex post facto* issue in this case, the following Sentencing Guideline Sections from the Sentencing Guidelines Manual (2002) apply:

| | | |
|---|---|---|
| § 2B1.1(a) | Base Offense Level | 6 |
| § 2B1.1(b)(1) | Loss of more than $120,000 | + 10 |
| § 2B1.1(b)(2) | More than 10 victims | + 2 |
| Total Adjusted Offense Level | | 18 |
| § 3E.1.1 | Acceptance of Responsibility | - 3 |
| Total   (Criminal History Category VI) | | 15 |

Sentencing Guidelines Range = 41-51 months incarceration.

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Funches in this case. In the event that this plea offer is either not accepted by Mr. Funches or is accepted by Mr. Funches, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

Mr. Funches agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. The government agrees not to seek any upward departures from the otherwise applicable guideline range established by the Sentencing Guidelines. Mr. Funches specifically agrees to waive any argument that he has a right to have a jury make the factual findings necessary to determine the level of sentencing adjustments, enhancements or departures used to compute his ultimate offense level and sentence. Moreover, Mr. Funches agrees: (1) that such factual findings will be made by the court at sentencing by a preponderance of the evidence; (2) that the court may consider any reliable evidence, including hearsay; and (3) that all constitutional challenges to the validity of the Sentencing Guidelines are waived.

4. **Financial Arrangements**: Mr. Funches agrees that he will deliver to the Clerk's Office. United States District Court for the District of Columbia, a certified check in the amount of $100, to cover the special assessment, as required in 18 U.S.C. Section 3013. Mr. Funches also agrees to provide a full and complete accounting of all assets, real or tangible held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor). The parties further agree that the loss amount in this case is more than $120,000, but less than $200,000, and Mr. Funches agrees to pay restitution in an amount no greater than $140,000.

5. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1, provided that Mr. Funches continues to show his acceptance of responsibility, as set forth in U.S.S.G. Section 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in this proceeding; © complying with the other provisions of this agreement; and (d) abiding by the conditions set forth for his release by the Court, if any. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Funches in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Funches does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. Section 16 and D.C. Code Section 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Funches. The government likewise agrees not to oppose the defendant's request, if supported by authority, that the defendant receive credit for the time he has been in custody in relation to this case. Finally, the government agrees not to oppose a sentence at the lower end of the applicable Sentencing Guideline range in United States v. Kevin Funches, Cr. 00-CR-245 (EGS), and agrees to dismiss any pending misdemeanor charges against Mr. Funches at sentencing, including United States v. Kevin Funches, M-9216-03.

The government agrees that it will ask the Court for a sentence in the case at the low end of the sentencing guideline range determined by the Court for the defendant under the United States Sentencing Guidelines.

6. **Bond Conditions**: Mr. Funches understands that the Court is not obligated to follow any recommendation of the government regarding bond status made at the time of sentencing and that the final plea decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards is not grounds for withdrawal from this agreement.

7. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and © to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Funches's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Breach of Agreement**: Mr. Funches agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or withdraws his guilty plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Funches's release (for example, should Mr. Funches commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Funches's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear before a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court – the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Funches will not have the right to move to withdraw the guilty plea; © Mr. Funches shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury or obstruction of justice; and (d) the government will be free to use against Mr. Funches, directly or indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Funches has breached this agreement, and if Mr. Funches so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

- 4 -

9. **USAO-DC's Criminal Division Bound**: Mr. Funches understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Funches.

10. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Funches's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Funches may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Funches and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: James G. Flood
Assistant United States Attorney
For the District of Columbia

I have read this plea agreement and have discussed it with my attorney, Howard Katzoff, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 12-19-06

Kevin D. Funches
Defendant

I have read each page of this plea agreement, reviewed them with my client, and discussed the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty per this agreement.

Date: 12/19/06

Howard Katzoff, Esq.
Attorney for Kevin D. Funches